### Selman Mikshonis, Defendant in Error, v. Hyde Park Hotel Company, Plaintiff in Error.

### Gen. No. 17,331.

1. MASTER AND SERVANT—*duty to inspect rests on master.* It is the duty of the master to use ordinary care to provide servants with reasonably safe appliances and to inspect such appliances from time to time, depending upon their character and the manner in which they are used.

2. MASTER AND SERVANT—*inspection.* The question whether a master has performed his duty with regard to inspection of a machine or appliance is to be determined by considering whether the test used will give indications as to actual conditions.

3. MASTER AND SERVANT—*questions for jury.* Where plaintiff is injured by the falling of a motor which he is helping lift from a shelf, there being evidence that defendant's engineer felt the eyebolt in the top of the motor with his hand to see if it was firm before inserting a gas pipe by which to lift it, the question is properly submitted to the jury as to whether the master performed its duty of inspection.

4. NEW TRIAL—*where affidavit discloses want of diligence.* A motion for new trial on the ground of newly-discovered evidence is properly denied where the affidavit in support of such motion discloses a want of diligence in procuring and producing it.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed April 9, 1913.

Robert J. Folonie and H. B. Bale, for plaintiff in error.

Morgan & Rubenstein for defendant in error; Bowles & Bowles, of counsel.

Mr. Justice Baume delivered the opinion of the court.

In a suit to recover damages for personal injuries instituted in the Municipal Court by defendant in error against plaintiff in error, a trial by jury resulted in a verdict and judgment for $1,000 against plaintiff in error, who prosecutes this writ of error to reverse such judgment.

Plaintiff in error rested at the close of the evidence for defendant in error, and there is no material controversy as to the facts. At the time of his injury defendant in error was employed as a fireman of a boiler in the basement of the hotel conducted by plaintiff in error. Anderson, the chief engineer, and Johnson, the second engineer, proposed to disconnect a motor in the ice machine room and carry it into the kitchen to take the place of one which was out of order. The motor weighed from 175 to 300 pounds and stood upon a shelf about five feet above the floor. Through an eye-bolt, which was supposed to be securely screwed into the top of the motor, Anderson and Johnson inserted a gas pipe for the purpose of thereby lifting and carrying the motor, and then directed defendant in error to assist them in removing the motor from the shelf, by taking hold of it and steadying it, while they stationed one at either end of the gas pipe, should lift it and place it upon the floor or down to a convenient level to be carried by them. Necessarily, defendant in error was located beneath and in front of the motor, while Anderson and Johnson were on either side of it. When they had lifted the motor from the shelf and while defendant in error was holding it, it became released from the eye-bolt and fell upon defendant in error's

left foot, causing the injury complained of. Johnson testified that before he inserted the gas pipe through the eye-bolt, he felt the eye-bolt with his hand, and it felt firm; that the eye-bolt was half an inch in diameter; that he could not see how far it was screwed into the motor; that just as Anderson and he swung the motor from the platform toward defendant in error the eye-bolt turned about a quarter of a turn and came out; that after the motor fell he observed that the eye-bolt had only been inserted about two threads, and that the threads were not pulled out or stripped.

We do not understand that plaintiff in error seeks to avoid the duty cast upon it by law to use ordinary care to provide its servants with reasonably safe appliances with which to work and to inspect such appliances from time to time, but it is insisted by plaintiff in error that the full measure of its duty in that regard was performed by Johnson, its vice principal, when he felt of the eye-bolt with his hands, and that he was not bound to unscrew the eye-bolt from the motor for the purpose of determining whether the eye-bolt was securely fastened.

We do not presume to say that any particular method of examination and inspection should have been adopted by plaintiff in error, and we are not disposed to concede that the method suggested was the only other practicable one to determine whether or not the eye-bolt was securely fastened. Concerning the duty of inspection, it is said:

"While there is no absolute duty to keep appliances in safe condition, there is a duty to use reasonable care to keep them fit, and this duty may require inspection at reasonable intervals and the employment of such tests as will reveal the condition of the machinery or appliances. This duty of inspection rests upon the employer and not upon the employe, and depends upon the character of the machine or appliance, since ordinary care may require an inspection oftener in one case than in another." Armour v. Brazeau, 191 Ill. 117.

Likewise, the character and extent of the test required by the master, in the fulfillment of the duty imposed upon him, may depend upon the manner in which the appliance is to be used, as affecting the safety of the servant.

In the case at bar, defendant in error, in the performance of the duty imposed upon him, was required to stand beneath the motor, as it was being lifted from the shelf and lowered to the desired level, and was necessarily exposed to danger of injury, if the eyebolt separated from the motor.

In Labatt on Master and Servant, Vol. 1, 351, the principles applicable here are stated, thus:-

"Whether or not the duty of a master with regard to proper inspection has been performed by the application of any given test is to be determined by considering whether that test will give indications as to the actual condition of the instrumentality in question. In the application of this principle the courts have usually proceeded upon the theory that a merely visual or ocular inspection of external conditions does not satisfy the full measure of a master's obligations, where the servant's safety depends upon the soundness of the material of which an instrumentality is composed, or upon the firmness with which the separate parts of an instrumentality are attached to each other, or upon the stability of some heavy substance." See also Pagan v. City of Highland, 152 Ill. App. 607.

The question whether or not plaintiff in error exercised reasonable care, in view of the situation, in performing its duty of inspection was properly submitted to the jury, and in the absence of prejudicial errors of law, the verdict must be held to be conclusive upon that issue.

The fourth instruction given at the instance of defendant in error is not a model, but when considered in connection with the other given instructions, it could not have operated to the prejudice of plaintiff in error. Several of the instructions given at the request of plaintiff in error stated the law much more favorably

to it than was authorized, and if they had been followed by the jury, a verdict for defendant in error would have been impossible.

The motion for a new trial, upon the ground of newly discovered evidence, was properly denied. The affidavits in support of such motion disclose a want of diligence in procuring the alleged newly discovered evidence and in producing the same at the trial.

The damages awarded, while ample, are not so large as to demand interference with the verdict in that respect.

There is no error in the record prejudicial to plaintiff in error and the judgment is affirmed.

*Judgment affirmed.*